UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROLE PAHSSEN, Next Friend of
Jane Doe, a Minor,

    Plaintiff,                           CASE NO: 08-11539

v.                                    DISTRICT JUDGE THOMAS L. LUDINGTON
                                       MAGISTRATE JUDGE CHARLES E. BINDER

MERRILL COMMUNITY SCHOOL
DISTRICT, *et al.*,

    Defendants.
    _____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF JULIE FRICK AND/OR FOR ISSUANCE OF AN ORDER TO SHOW CAUSE AS TO WHY SHE FAILED TO APPEAR FOR A DULY NOTICED DEPOSITION
(Doc. 33)

    This order is entered pursuant to the authority given to this magistrate judge in
an Order of Reference issued by District Judge Thomas L. Ludington pursuant
to 28 U.S.C. § 636(b)(1)(A).

Plaintiff seeks an order compelling the deposition of Julie Frick, a probation officer who is employed by Gratiot County, Michigan. Plaintiff contends that Ms. Frick participated with the Defendant School District and others in the Individualized Education Program ("IEP") process for the minor who allegedly sexually assaulted the minor Plaintiff. Counsel for Plaintiff issued a subpoena to Ms. Frick for attendance at a deposition (Doc. 33 at Ex. A), but two days prior to the scheduled deposition, counsel was informed by an attorney who represents Gratiot County that Ms. Frick would not be appearing for the deposition because her testimony and documentation with regard to the minor probationer at issue is privileged pursuant to Michigan Compiled Laws § 791.229. (*Id.* at Ex. B.)

Plaintiff's counsel thus brought this motion to compel the deposition, representing that it is necessary to question Ms. Frick with regard to "what she shared with the named Defendants in this case . . . and how she participated in this [IEP] report." (Doc. 33 at 3.) Oral argument was heard February 24, 2009. Counsel for Defendants expressed no position on the motion. The motions for summary judgment that were pending at that time have now been decided by Judge Ludington (Doc. at 52), and this motion is now ready for determination.

Counsel for Plaintiff readily concedes that Michigan law contains an explicit privilege which applies to probation officers:

> All records and reports of investigations made by probation officers, whether state or local, for courts of criminal jurisdiction in cases referred for such investigation by such courts, and all case histories of probationers are hereby declared to be privileged or confidential communications not open to public inspection. Judges and probation officers shall have access to such records, reports and case histories. The probation officer or the assistant director of probation, or his representative, shall permit the attorney general, the auditor general, and law enforcement agencies to have such access. The legislative intent is that the relation of confidence between the probation officer and probationer or defendant under investigation shall remain inviolate.

MICH. COMP. LAWS § 791.229. Michigan, however, recognizes limitations to this privilege. The lead case so holding is *People v Burton,* 74 Mich. App. 215, 253 N.W.2d 710 (1977). There, the court stated:

> We do not agree with the prosecution that the privilege extends to all communications. The statute expressly limits the privilege to records, reports, and case histories prepared by a probation officer. This intended limitation is not overcome by the final sentence since the relation of confidence is stated to exist between the probation officer and a "probationer or defendant under investigation" . . . . Therefore if the statement in the present case was made to the probation officer outside of the scope of his statutory responsibility under this act, it should be admissible.

74 Mich. App. at 226; 253 N.W.2d at 714. *See also Peters v. Bay Fresh Start, Inc.,* 161 Mich. App. 491, 411 N.W.2d 463 (1987).

Due to the limited nature of the asserted privilege, I conclude that, with appropriate limitations, Plaintiff may properly notice the deposition of Ms. Frick. Accordingly, Plaintiff's motion is **GRANTED IN PART.** The deposition of Ms. Frick, however, shall be limited to her discussions with the Defendants and participation in the IEP process undertaken for the minor probationer. Plaintiff may subpoena any documents generated by Ms. Frick which were provided to the Defendant(s) as part of these activities.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Dated: March 30, 2009 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and electronically served on Victor Mastromarco, Jr., Manda Westervelt, Gregory Mair and David Wallace.

|  |  |
|---|---|
| Date: March 30, 2009 | By      s/Jean L. Broucek<br>Case Manager to Magistrate Judge Binder |

3