UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROLE PAHSSEN, Next Friend of
Jane Doe, a Minor,

    Plaintiff,

v.

MERRILL COMMUNITY SCHOOL
DISTRICT, *et al.*,

    Defendants.
    _____/

CASE NO: 08-11539

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
DEPOSITION OF DR. SHAIKH AND TO COMPEL PRODUCTION
OF ALL RECORDS PROVIDED TO THE SAGINAW ISD,
MERRILL SCHOOL DISTRICT, AND/OR BRECKENRIDGE SCHOOL DISTRICT**
(Doc. 35)

> This order is entered pursuant to the authority given to this magistrate
> judge in an Order of Reference issued by District Judge Thomas L.
> Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

Counsel for Plaintiff seeks to compel the deposition of Dr. Zubair Shaikh of Alma, Michigan, a neurologist who apparently treated the minor student S.M. who allegedly sexually assaulted the minor Plaintiff. Plaintiff's counsel asserts that Dr. Shaikh was asked to perform an "independent evaluation" of said minor student S.M., and that the doctor therefore has evidence "as to what the Defendants herein were aware of in terms of the student's propensity to commit acts of sexual assault prior to the rape of Plaintiff Jane Doe." (Doc. 35 at 2.) Counsel seeks the production of documents from Dr. Shaikh, pointing in particular to Exhibit C to the motion, which counsel asserts appears to be heavily redacted and signed by Dr. Shaikh. Counsel for Plaintiff questions the authenticity of this document, which she believes was submitted to Defendants as

part of an Individualized Educational Program ("IEP") established by Defendants for the minor student. Plaintiff's counsel reports that Dr. Shaikh has refused to appear for a deposition without a court order. (*Id.*)

Defendants did not respond to the motion, and oral argument was heard February 24, 2009. Motions for summary judgment that were pending at the time of the hearing have now been decided by Judge Ludington (Doc. at 52), and this motion is ready for determination.

Having considered the documents and oral argument, I note that Exhibit B to Plaintiff's motion is a letter dated June 10, 2007, from William J. Hartl, Director of Special Education for the Saginaw ISD, to Dr. Shaikh. Mr. Hartl states that the ISD has agreed to pay Dr. Shaikh's independent evaluation fee of $570 for the minor S.M. and asks the doctor to sign an attached statement and "send any report documentation you have to support the diagnosis" of a closed head injury to the ISD. (Doc. 35 at Ex. B.) This document clearly supports counsel's assertion that Dr. Shaikh may have evidence of what the Defendants in this case were aware of in terms of the minor student's propensity to commit acts of sexual assault prior to the incident at issue here.

Accordingly, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**. Plaintiff may re-notice the deposition of Dr. Shaikh. However, the deposition shall be limited to the doctor's discussions and participation in the IEP process undertaken for the minor S.M. and any documents generated by Dr. Shaikh as part of this participation.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED.**

s/ Charles E Binder<br>
CHARLES E. BINDER<br>
United States Magistrate Judge

Dated: April 1, 2009

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, and electronically served on Victor Mastromarco, Jr., Manda Westervelt, Gregory Mair and David Wallace.

Date:  April 1, 2009                         By      s/Jean L. Broucek
                                                                  Case Manager to Magistrate Judge Binder